$400  JD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HELEN SWARTZ, Individually,

        Plaintiff,

v.                                            Case No.    18 cv 3844

HYATT CORPORATION,
a Delaware Corporation,

        Defendant.

_ _ _ _ _ _ _ _ _ _ _ /

**FILED**

SEP 0 7 2018

KATE BARKMAN, Clerk
By ⎽⎽⎽⎽ Dep. Clerk

## COMPLAINT

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, HYATT CORPORATION, a Delaware Corporation (sometimes referred to as "Defendant") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181 et seq. ("ADA").

1.      Plaintiff, HELEN SWARTZ, resides in Miami Beach, Florida, in the County of Miami-Dade.

2.      Defendant's property, The Bellevue Hotel, is located at 200 South Broad Street, Philadelphia, PA, in the County of Philadelphia.

3.      Venue is properly located in the Eastern District of Pennsylvania because venue lies in the judicial district of the property situs.   The Defendant's property is located in and does business within this judicial district.



4.      Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.   *See*, *also*, 28 USC § 2201 and § 2202.

5.      Plaintiff, HELEN SWARTZ is a Florida resident, is sui juris, has multiple sclerosis and relies on the use of an electric scooter to ambulate, as she is mobility impaired. She qualifies as a person with disabilities, as defined by the Americans with Disabilities Act.

Helen Swartz was born and raised in New York City and moved to the Philadelphia area in 1978 to attend graduate school.  After completion of her studies, she founded a business and resided in the area until 2011.  She was active in the business community and has many long-standing relationships that she has maintained throughout the years.  She also had two children during those years, through which she knew many people.

Her elder daughter and granddaughter live in the surrounding area and she often meets them in Center City, Philadelphia, so that they may enjoy cultural activities, dining and shopping in Philadelphia. She has often taken her granddaughter to the Museum of Natural History and Please Touch Museums in Philadelphia.  Ms. Swartz also enjoys meeting her Philadelphia-based friends in various restaurants and attending local shows in Philadelphia.

Helen Swartz visited the property which forms the basis of this lawsuit, and has reservations to return to the property to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected.  The Plaintiff has encountered architectural barriers at the subject property, which have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities the property has to offer and use the restrooms.

6.      HELEN SWARTZ has patronized the hotel which forms the basis of this lawsuit on several occasions.  She plans to return to the facility in the near future, once the facility is made accessible, to avail herself of the goods and services offered to the public at the property.

7.      The Plaintiff has encountered architectural barriers at the subject property, which are enumerated in paragraph 11.  The barriers to access at the property have endangered her safety, and adversely affected her ability to use the facilities.

8.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Bellevue Hotel, and is located at 200 South Broad Street, Philadelphia, PA  19103, in the County of Philadelphia.

9.      HELEN SWARTZ has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in Paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  HELEN SWARTZ desires to visit The Bellevue Hotel not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

10.    The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the hotel, as prohibited by 42 USC § 12182 et seq.

11.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A preliminary inspection of the The Bellevue Hotel has shown that violations exist.   These violations which HELEN SWARTZ personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

    a.    The hotel does not provide independent access to a person in a wheelchair to get to the connected space within their site. This is in violation of section 206.2.2 of the 2010 Standards for Accessible Design. §36.202 & §36.304. This condition made it difficult for the Plaintiff to access the site.

    b.    Directional is not provided to the accessible entrance to the site. This is in violation of section 216.3 of the 2010 Standards for Accessible Design. §36.202 & §36.304. This condition made it difficult for the Plaintiff to find the entrance to the site.

    c.    The check-in counter is too high.   This is in violation of section 902 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

    d.    Accessible seating is not provided at the tables and counters. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made it extremely difficult for the Plaintiff access the tables in the hotel.

    e.    Items in the food area are out of reach to a person in a wheelchair.   This is in violation of section 308 of the 2010 Standards for Accessible Design. This condition made it difficult for the plaintiff access the food in the cases.

    f.    The stairways have improper handrails. This is in violation of section 505.10.1 of the 2010 Standards for Accessible Design. §36.304.

4

g.      The stairway does not have handrails. This is in violation of section 505.2 of the 2010 Standards for Accessible Design. §36.304.

h.      The ramp has improper handrails. This is in violation of sections 405.8, 505.2 of the 2010 Standards for Accessible Design. §36.304.

i.      The toilet room has 7 stalls but does not have an alternate accessible stall. This is in violation of section 213.3.1 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

j.      The grab bars by the accessible water closet are to high.  This is in violation of section 609.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

k.      The toilet paper seat dispenser is out of reach to a person using a wheelchair.  This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities

l.      The pipes underneath the lavatories in all the toilet rooms are exposed. This is in violation of section 606.5 the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the facility.

m.      In the hotel toilet rooms hardware is missing from the accessible stall doors. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the facility.

n.      The mirrors in the Hotel accessible toilet room are too high. This is in violation of sections 213.3.5 & 603.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use.

o.      The entry/exit door hardware to the hotel toilet room requires tight grasping and twisting of the wrist to operate. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the facility.

p.      Items in the hotel toilet compartments are out of reach to a person using a wheelchair.    This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the facility.

q.      A maneuvering clearance is not provided to exit the hotel toilet room.

This is in violation of section 404.2.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to exit the toilet room.

r.      An accessible bench is not provided in the women's locker room. This is in violation of section 903.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the facility.

s.      An accessible shower is not provided in the women's spa.  This is in violation of section 608 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the facility.

t.      Hooks are out of reach in the women's spa.  This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the hooks.

u.      Hooks are out of reach in the pool area.  This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the hooks.

v.      Items are out of reach in the business center.  This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the machine in the business center.

w.      A maneuvering clearance is not provided to exit the business center. This is in violation of section 404.2.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to exit the center.

x.      Items in the accessible guestroom bathroom and bedroom are out of reach to a person using a wheelchair. This is in violation of sections 213.3.7 and 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

y.      In the accessible guestroom bathroom, the flush control is by the closed side of the water closet. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the water closet.

z.      The closet door hardware requires tight grasping and twisting of the wrist to operate. This is in violation of section 811.4 of the 2010 Standards for Accessible

Design. §36.304. This condition made it difficult for the plaintiff to use the facility.

aa.     The closet rod and shelf are out of reach to a person in a wheelchair. This is in violation of section 811.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the facility.

bb.     The light switches in the accessible guestroom require tight grasping and twisting of the wrist to operate. This is in violation of sections 309, 806.2.1 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to use the facility.

cc.     The hotel does not provide the required amount of compliant accessible guest rooms. This is in violation of section 224 of the 2010 Standards for Accessible Design. §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel.

### Maintenance

dd.     The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

12.     All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

13.     The discriminatory violations described in Paragraph 11 are not an exclusive list of the Defendant's ADA violations.   Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff, and all others similarly-situated will

continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14.     Defendant have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial   facility in violation of 42 USC § 12181 *et seq*. and 28 CFR. 36.302 *et seq*.   Furthermore, the Defendant continue to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.   Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC §˙12205 and 28 CFR 36.505.

16.     Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,

8

1992, then the   Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use walkers and wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant have 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18.     Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the The Bellevue Hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cure its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

        **WHEREFORE**, Plaintiff respectfully requests:

        a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

        b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to

9

and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated:    9/5 , 2018

David S. Dessen, Esq. (I.D. 17627)
Dessen, Moses & Rossito
600 Easton Road
Willow Grove, PA   19090
Telephone:   215.496.2902
Facsimile:    215.564.2879
ddessen@dms-lawyer.com
and
Lawrence A. Fuller, Esq., *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, FL   33181
Telephone:   305.891.5199
Facsimile:    305.893.9505
lfuller@fullerfuller.com
*Attorneys for Plaintiffs*